COOLEY LLP
TIMOTHY S. TETER (171451)
(teterts@cooley.com)
JEFFREY S. KARR (186372)
(jkarr@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
BENJAMIN G. DAMSTEDT (230311)
(bdamstedt@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Tel: 650-843-5000
Fax: 650-849-7400

ERIN C. TRENDA (277155)
(etrenda@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6147
Fax: 858-550-6420

Attorneys for Plaintiff Qualcomm Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>PARKERVISION, INC.<br><br>Defendant. | Case No. **'15CV2809 BEN NLS**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECL. JUDGMENT**

Plaintiff Qualcomm Incorporated ("Qualcomm") hereby alleges as follows for this Complaint for Declaratory Judgment against ParkerVision, Inc.:

**Parties**

1. Qualcomm Incorporated is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California.

2. ParkerVision is a Florida corporation with its principal place of business at 7915 Baymeadows Way, Jacksonville, Florida.

**Jurisdiction and Venue**

3. This action is based on the patent laws of Title 35 of the United States Code, § 1 et seq., with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. This Court has subject matter jurisdiction over this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, because ParkerVision is subject to personal jurisdiction in this judicial district.

**Factual Background and Present Controversy**

6. ParkerVision has engaged in a series of litigations against Qualcomm.

7. On July 20, 2011, ParkerVision sued Qualcomm in the Middle District of Florida, asserting that certain Qualcomm receiver functionality infringed certain ParkerVision patents. ("*ParkerVision I*")

8. Following a jury trial, the district court in *ParkerVision I* entered judgment of noninfringement on all asserted claims on June 23, 2014.

9. ParkerVision appealed the judgment of noninfringement and Qualcomm cross-appealed the judgment of no invalidity.

10. On July 31, 2015, the Federal Circuit issued an opinion affirming the judgment of noninfringement and also finding that 10 of the 11 claims asserted at

trial were invalid as a matter of law.

11. On October 2, 2015, the Federal Circuit issued an order denying ParkerVision's Petition for Panel Rehearing.

12. ParkerVision has indicated that it intends to file a petition for a writ of certiorari with the Supreme Court with respect to the noninfringement judgment.

13. On May 2, 2014, ParkerVision again sued Qualcomm in the Middle District of Florida, asserting that certain Qualcomm receiver functionality and certain Qualcomm transmitter functionality infringed certain ParkerVision patents. ("*ParkerVision II*")

14. The parties are continuing to litigate the *ParkerVision II* case, with trial currently scheduled for August 2016.

15. ParkerVision also purports to own U.S. Patent No. 7,929,638 ("the '638 patent"). The '638 patent issued on April 19, 2011, from an application filed on January 14, 2010.

16. A copy of the '638 patent is attached as Exhibit A.

17. The '638 patent includes two independent claims (claims 1 and 16) and 18 dependent claims (claims 2-15 and 17-20). The two independent '638 claims recite:

> 1. A wireless modem apparatus, comprising:
>
> a balanced transmitter for up-converting a baseband signal, said balanced transmitter including,
>
> an inverter, to receive said baseband signal and generate an inverted baseband signal;
>
> a first controlled switch, coupled to a non-inverting output of said inverter, said first controlled switch to sample said baseband signal according to a first control signal, resulting in a first harmonically rich signal;
>
> a second controlled switch, coupled to an inverting output of said inverter, said second controlled switch to sample

said inverted baseband signal according to a second control signal, resulting in a second harmonically rich signal; and

a combiner, coupled to an output of said first controlled switch and an output of said second controlled switch, said combiner to combine said first harmonically rich signal and said second harmonically rich signal, resulting in a third harmonically rich signal.

\* \* \* \* \*

16. A method for up-converting a baseband signal, comprising:

receiving a baseband signal at an inverter;

inverting said baseband signal to generate an inverted baseband signal;

sampling said baseband signal according to a first control signal to generate a first harmonically rich signal;

sampling said inverted baseband signal according to a second control signal to generate a second harmonically rich signal; and

combining said first harmonically rich signal and said second harmonically rich signal to generate a third harmonically rich signal.

18. By letter dated December 11, 2015, ParkerVision served a cease-and-desist letter by hand-delivery on Qualcomm relating to the '638 patent. The letter bore the subject line: "Infringement of the intellectual property of ParkerVision, Inc. – U.S. Patent No. 7,929,638." The letter also stated, *inter alia*:

> We have been retained by ParkerVision, Inc. ("ParkerVision") in relation to ParkerVision's intellectual property. Qualcomm markets and sells to, among others, Apple Inc. and its affiliates, Samsung Electronics Co., Ltd. and its affiliates, and LG Electronics Co., Ltd. and its affiliates radio frequency ("RF") receivers, transmitters,

> and transceivers for inclusion in smartphone handsets and tablet computers sold in the United States.
>
> When used in their customary and intended manner, the referenced components that you design, manufacture, and sell, including but not limited to the WTR1625 and the WTR3925, infringe at least certain of the inventions claimed by U.S. Patent No. 7,929,638 ('638 Patent), which ParkerVision owns. A copy of this patent is attached.
>
> ParkerVision demands that you immediately cease offering for sale any and all products that induce or contribute to the infringement of ParkerVision's patents, including the '638 Patent.
>
> We welcome the opportunity to resolve this matter quickly. We look forward to hearing from you.

19. A copy of the letter is attached as Exhibit B.

20. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the alleged infringement of the '638 patent by Qualcomm or its technology.

## **First Count**

## **Declaration of Noninfringement of the '638 Patent**

21. Qualcomm incorporates by reference and re-alleges the allegations in the preceding paragraphs.

22. ParkerVision claims to be the owner of all right, title, and interest in the '638 patent.

23. ParkerVision has accused Qualcomm of infringing the '638 patent and has created a substantial, immediate and real controversy between the parties as to the infringement of the '638 patent.

24. Qualcomm has not infringed, and currently does not infringe, any valid claim of the '638 patent directly, indirectly, contributorily, by inducement, or in any

other manner, and ParkerVision is entitled to no relief for any claim of alleged infringement.

25. Therefore, there exists a substantial controversy between Qualcomm and ParkerVision, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Qualcomm has not infringed and does not infringe any valid and enforceable claim of the '638 patent.

26. An actual and justiciable controversy exists regarding the alleged infringement of the '638 patent by Qualcomm. Qualcomm accordingly requests a judicial determination of any rights, duties, and obligations with regard to the '638 patent.

27. A judicial declaration is necessary and appropriate so that Qualcomm may ascertain its rights regarding the '638 patent.

## Prayer for Relief

WHEREFORE, Qualcomm respectfully requests that this Court enter a Judgment and Order:

A. Declaring that Qualcomm does not infringe any claim of the '638 patent;

B. Finding that this case is an exceptional case pursuant to 35 U.S.C. § 285 or otherwise, and awarding Qualcomm its costs, together with reasonable attorneys' fees and all of its expenses for this suit; and

C. Awarding Qualcomm any other costs, fees, and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 38.1, Qualcomm demands trial by jury on all issues so triable as to this Complaint for Declaratory Judgment.

| | | |
|---|---|---|
| Dated: December 15, 2015 | | */s/ Timothy S. Teter* |

TIMOTHY S. TETER (171451)
JEFFREY S. KARR (186372)
MATTHEW J. BRIGHAM (191428)
BENJAMIN G. DAMSTEDT (230311)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: 650-843-5000
Fax: 650-849-7400

ERIN C. TRENDA (277155)
(etrenda@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6147
Fax: 858-550-6420

Attorneys for Plaintiff Qualcomm Incorporated

125380890